IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GEORGIA ANNA LYON                                           PLAINTIFF

vs.                                                                    CIVIL ACTION NO. 2:12-cv-0099-SAA

MICHAEL J. ASTRUE,
COMMISSIONER OF SSA                                             DEFENDANT

**MEMORANDUM OPINION**

      This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of plaintiff Georgia Anna Lyon for period of disability (POD), disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI. Docket 9, p. 18, 133-138. Lyon filed her applications on May 19, 2009, alleging disability beginning May 19, 2009.[1] Docket 9, p. 18. The Commissioner denied her claim initially and on reconsideration. Docket 9, pp. 66-69, 70-73, 74-77. Plaintiff challenged the denial of benefits and filed a request for a hearing before an Administrative Law Judge (ALJ). Docket 9, p. 84-88. She was represented by an attorney at the administrative hearing on January 7, 2011. Docket 9, p. 33-65. The ALJ issued an unfavorable decision on January 28, 2011. Docket 9, p. 15 - 27. The

---

[1]Plaintiff's applications for DIB and SSI list May 31, 2009 as her alleged onset date (Docket 9, pp. 133, 135); however both plaintiff and the ALJ take the alleged onset date of May 19, 2009 as stated in plaintiff's disability report [field office form SSA- 3367, Docket 9, pp. 157, 162] and by plaintiff's attorney at the hearing before the ALJ, Docket 9, p. 38.

1

Appeals Council denied her request for review. Docket 9, p. 1-3. Plaintiff filed the instant appeal, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on May 10, 1959 and was fifty-one years old on the date of the ALJ's hearing decision. Docket 9, p. 38. She has a high school education. *Id.* She was previously employed as a checker/sorter, clerk, cashier and a direct care worker. Docket 9, pp. 25-26, 163. She claimed disability due to "[s]leep apnea, lower back pain, pain in knees & ankle, high hcl." Docket 9, pp. 166.

The ALJ determined that plaintiff suffers from "severe" impairments of obesity, thoracic and lumbar disorders, knee disorders, a history of sleep apnea and trochanteric bursitis, but she does not have impairments or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). Docket 9, p. 20-24, Finding Nos. 3& 4. Relying on the physical residual functional capacity [RFC] assessment of Dr. Thomas Jeffcoat, and the opinions of Dr. Bruce Randolph, consultative examining physician, along with the plaintiff's testimony and the record as a whole, the ALJ concluded that plaintiff retained the RFC to "lift 20 pounds occasionally and ten pounds frequently; to stand and walk for six hours in an eight hour workday; to sit for six hours in an eight hour workday; and frequently to engage in climbing, balancing, crouching, kneeling and crawling." Docket 9, p. 24, Finding No. 5. The ALJ found the plaintiff's subjective complaints less than fully credible and that her allegations of stringent functional

limitations were greatly disproportionate to the objective medical evidence.

The ALJ held, in reliance on the testimony of a vocational expert ("VE"), that plaintiff's "severe" impairments did not prevent her from returning successfully to her past relevant work as a clerk and cashier. Docket 9, pp. 25-26, Finding No. 6. Therefore, she was "not disabled" under the Act. Docket 9, p. 27, Finding No. 11.

The plaintiff requested review of the decision by the Appeals Council. Docket 9, p. 1-4. After reviewing the record, including the request for review submitted by counsel for the plaintiff, the Appeals Council denied plaintiff's request for review because the information did not provide a basis for changing the ALJ's decision. *Id.* Plaintiff now appeals to this court claiming that the ALJ erred in (1) mischaracterizing the results of Dr. Randolph's consultative exam, (2) eliciting testimony from the VE in error, (3) finding the plaintiff was not entirely credible. Docket 17.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

ability to do basic work activities . . . ."[5] At step three, the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review

---

[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[8] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

4

and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

1. <u>Characterization of Dr. Randolph's Consultative Examination Results</u>

Plaintiff argues that the ALJ erred by affording Dr. Randolph's report "significant weight" at step two while affording it "some weight" at step four. Docket 17, p. 6. Although the ALJ did give varying weight to Dr. Randolph's report, this variation does not constitute error. Dr. Randolph's report states:

OPINION: Georgia Lyon is limited in performing physical activity which requires prolonged standing and walking and squatting, climbing stairs, repetitive bending and twisting.

---

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

5

She can sit, use her hands and perform fine manipulation. She should be able to intermittently sit, stand, and walk. It is my opinion that she does not require the use of a walker but it seems to help her in ambulation. She should be able to lift and carry at least five pounds.

Docket 9, p. 357-358. The ALJ ultimately held that the plaintiff could "lift 20 pounds occasionally and ten pounds frequently; . . . stand and walk for six hours in an eight hour workday; . . . sit for six hours in an eight hour workday; and frequently . . . engage in climbing, balancing, crouching, kneeling and crawling." Docket 9, p. 24, Finding No. 5. The ALJ also found the plaintiff's subjective complaints less than fully credible and her allegations of stringent functional limitations disproportionate to the objective medical evidence. Docket 9, p. 25.

In support of this credibility finding, the ALJ referred to Dr. Randolph's consultative examination report that plaintiff relied on a walker despite being able to walk without it (Docket 9, pp. 356, 358), she exaggerated her level of pain and displayed pain magnification (Docket 9, p. 357), and her range of movement was self-limited (Docket 9, p. 357). Additionally, the ALJ relied on the VE's testimony that plaintiff's severe impairments did not prevent her from returning successfully to her past relevant work as a clerk and cashier. Docket 9, pp. 25-26, Finding No. 6. Therefore, she was "not disabled" under the Act. Docket 9, p. 27, Finding No. 11.

In the Fifth Circuit, all medical opinions are to be considered in determining the disability status of a benefits claimant. *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); 20 C.F.R. §§ 404.1527(b), 416.927(b). Nonetheless, opinions on ultimate issues, such as disability status under the regulations, are reserved exclusively to the ALJ. *Id.* at 455; 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all medical findings and evidence that support such

6

statements. *Id.; see also Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507 (S.D. Tex. 2003).

In this case, the ALJ held at step two of the sequential evaluation process,

> Dr. Randolph diagnosed the claimant with low back pain, mild degenerative disc disease involving the lumbar spine, knee pain probably due to arthritis, a history of sleep apnea, depression, arthritis and obesity. Dr. Randolph personally examined the claimant and his assessment was based upon a thorough review of the record available at the time and his knowledge and understanding of agency regulations. *The undersigned accordingly grants his opinion significant weight*, except regarding his diagnosis of depression. The undersigned grants this aspect of the opinion minimal weight, as it was based solely upon the claimant's subjective complaints and appears entirely inconsistent with the remainder of the record evidence.

Docket 9, p. 22 (emphasis added). Thereafter, in evaluating the plaintiff's RFC, the ALJ stated:

> Dr. Randolph opined pursuant to his August 2010 consultative examination that the claimant was only limited in performing physical activities that require prolonged standing, walking and squatting, climbing stairs, or repetitive bending and twisting. He noted that the claimant can occasionally use her hands and can perform fine manipulation. Dr. Randolph's assessment appears generally consistent with the preponderance of the record evidence to the extent that it finds the claimant not disabled, and *the undersigned accordingly grants his opinion some weight*.

Docket 9, p.25 (emphasis added). The plaintiff contends that the ALJ erred in finding that she was able to perform some light work in reliance upon Dr. Randolph's report; according to plaintiff, properly interpreted, the report means the plaintiff is limited to sedentary work. The argument is, in effect, that the ALJ may not afford "significant" weight to Dr. Randolph's report at one stage of the evaluation process and in a later stage of the process afford his report only "some" weight.

The ALJ clearly and concisely evaluated Dr. Randolph's opinion and gave it significant weight as it related to the diagnosis of plaintiff's impairments, noting that his opinion was consistent with the medical record. Docket 9, p. 22. However, at step four of his sequential

7

evaluation, the ALJ considered the doctor's opinion as it relates to the legal determination of disability as defined by the Social Security Act; in this analytical process the opinion was entitled to only some weight. Docket 9, p. 25. The ALJ justified his finding by noting that "[t]he claimant at the consultative examination engaged in extensive incredible behaviors, including repeated pain behaviors, incredible complaints of pain to even mild and slight lumbar palpation, and repeated self limiting and pain-magnifying behaviors." *Id.* The ALJ thus determined that Dr. Randolph's opinion was accurate and in accord with the other medical evidence when it came to a medical diagnosis of plaintiff's impairments, but that the plaintiff's malingering during the consultative exam, to which Dr. Randolph made specific reference, resulted in skewed conclusions as they relate to plaintiff's physical impairment and ability to perform work related functions.

In this case there is ample medical evidence from both reviewing and examining physicians who had knowledge of the plaintiff's conditions and limitations. The ALJ correctly relied on Dr. Dr. Randolph more heavily as his opinion regarding the medical diagnosis and less as his opinion relates to the legal determination of disability, an area which is reserved exclusively to the ALJ. *Chambliss v. MassanariI, 269 F.3d 520 (5th Cir. 2001).* The decision applied proper legal standards and is supported by substantial evidence. *See also Reynolds v. Astrue*, 2010 WL 583918 (N.D. Miss. Feb. 16, 2010).

    2.    <u>Eliciting testimony from the VE</u>

At the hearing Barbara Holmes testified as a vocational expert. The vocational expert is, by definition, an expert in vocational matters and is qualified to make findings relating to work related conditions, attributes and skills necessary to perform all demands of work. *See* 20 C.F.R.

§404.1560(b)(2). According to the VE's testimony, the plaintiff's past work included work as a mail sorter/delivery representative (heavy, semi-skilled work), direct care worker (medium, semi-skilled work) and clerk/cashier (light, semi-skilled work). Docket 9, p. 58-59. The VE found that the plaintiff's education permitted direct entry into skilled work and that she performed her past relevant work for a sufficient time to learn transferrable skills at a light or sedentary level. Docket 9, p. 59-60. The Plaintiff does not argue that her education permits entry into skilled work.

In response to various hypothetical questions based on the plaintiff's RFC, and referencing work in both light and sedentary levels, the VE testified that at the sedentary level plaintiff would be unable to return to her past work, but that there exist sedentary, unskilled jobs that the plaintiff could perform. Docket 9, p. 61. Responding to the second hypothetical related to the plaintiff's RFC at the light exertional level, the VE testified that the "hypothetical claimant would be able to return to her past work as the clerk/cashier." Docket 9, p.62. The ALJ then asked a third hypothetical:

> Q. Let us assume for purposes of discussion that there were no past relevant jobs to which the claimant, based upon her restrictions set forth in hypothetical number two, could perform. Do other jobs exist in significant numbers in Mississippi and the United States which she could do?
>
> A. Yes Sir.
>
> Q. Kindly set forth two such.
>
> A. Your Honor, these are light, unskilled type work activities. The first position is the work of a sewing machine operator. That DOT [Dictionary of Occupational Training] number is 786.685-030. It's light work, with an SPV rating of 2, which is unskilled. There are 326,350 in the national economy; 10,000 of Mississippi jobs. The second position is the work of a parking lot attendant. That DOT number is 915.473-010. It's light work with an SVP rating of 2, which is unskilled. There are 80,000 in the national economy and 460 of Mississippi jobs.

Docket 9, pp 62-63. Counsel for the plaintiff had an opportunity to cross examine the VE and asked only one question – the DOT number of the sewing machine operator. Docket 9, pp. 63-64. In his decision, the ALJ found the plaintiff retained the RFC to perform a range of light work as outlined above.

Plaintiff argues that in response to the ALJ's first hypothetical question – relating to sedentary level work – the VE testified the plaintiff would be unable to return to her past work; the VE on to testify that because the plaintiff had transferrable skills there existed other jobs that plaintiff could perform at that level. According to plaintiff, this is clear error because transferability of skills only applies to "meet the requirements of other skilled or semi-skilled jobs," and the other jobs offered by the VE were unskilled. As a result, plaintiff contends, the ALJ should have found her disabled under Medical Vocational Rule Section 201.14. In support of her argument, plaintiff cites *Bray v. Commissioner of Social Security*, 554 F.3d 1219 (9th Cir. 2009) and Social Security Ruling 82-41. However, the court rejects plaintiff's argument that the ALJ's determination of non-disability is not supported by substantial evidence because simply stated, the argument is irrelevant.

The ALJ's written decision restricted the plaintiff to a range of light work. The ALJ's second hypothetical incorporated that RFC, bringing the VE's response that with those restrictions the plaintiff could return to her past work as a clerk/cashier. Testimony by a VE that the plaintiff could return to her past relevant work constitutes substantial evidence to support an ALJ's step four determination. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In addition, even assuming that the plaintiff should be limited to sedentary work as she claims, because the VE testified that the plaintiff's education permitted her direct entry into skilled work, the Medical

10

Vocational Rules, Section 201.13, would also necessitate a finding of not disabled. *See* 20 C.F.R. Pt. 404 Subpt. P, App. 2, Rules 201.00(g), 201.13. Accordingly, the court finds that the decision was supported by substantial evidence.

    3.    <u>The ALJ's credibility assessment.</u>

The ALJ found that the plaintiff was not entirely credible. In making this finding he referred to Dr. Randolph's consultative examination report detailing evidence of malingering. See pp. 6-8, *supra.* The plaintiff disagrees with this reliance, and further argues that the ALJ mischaracterized her stated reason for leaving her last employment and misconstrued her earnings records. However, in light of the multiple inconsistencies in the record noted by the ALJ, the undersigned must find that the ALJ's credibility determination was supported by substantial evidence. The Fifth Circuit has routinely given great deference to an ALJ's credibility determination. *Spruill v. Astrue*, 299 Fed.Appx. 356, 358 (5th Cir. 2008); *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) (credibility conclusions are "precisely the kinds of determinations that the ALJ is best positioned to make"). A review of the entire record, and particularly the medical evidence of record, convinces the court that the ALJ properly assessed plaintiff's testimony. No physician, treating or otherwise, assessed plaintiff with limitations as restrictive as the limitations and impairments plaintiff claims to suffer. This claim of error is without merit.

<u>IV. CONCLUSION</u>

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, the court holds that the ALJ's opinion was supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in
11

accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 22nd day of February, 2013.

                                                /s/ S. Allan Alexander
                                              UNITED STATES MAGISTRATE JUDGE